244 S.W.3d 766 (2008)
In the Matter of D.E.B., a Minor,
Amanda Cornelius, Appellant,
v.
Jay J. Roberts, Respondent.
No. 28306.
Missouri Court of Appeals, Southern District, Division One.
January 24, 2008.
*767 Paul F. Sherman, Springfield, for Appellant.
Susan Applequist, Applequist Law Office, Springfield, for Respondent.
DANIEL E. SCOTT, Judge.
D.E.B. ("Child") was orphaned at age four when her 36-year-old mother ("Mother") died.[1] Mother and Child then, and for nearly all of Child's life, lived with Respondent, who helped provide and care for Child. In fact, Mother once moved from the home for a time, but left Child with Respondent.
The week after Mother died, Respondent petitioned for appointment as Child's guardian and conservator. Appellant, Child's teenage stepsister, filed a competing petition a week later. The trial court considered both petitions, and after a trial, ruled in Respondent's favor. We must affirm this judgment unless it is not supported by substantial evidence, is against the weight of the evidence, or erroneously declares or applies the law. In re Moreau, 18 S.W.3d 447, 449 (Mo.App.2000).
Appellant claims she is entitled to a family preference regarding the appointment. She also claims the judgment is against the weight of the evidence, citing evidence of Respondent's alleged short-comings *768 and evidence favorable to her. To facilitate our analysis, we restate the issues as follows:
1. The existence and scope of any "family preference" in appointing guardians and/or conservators for a minor.
2. Whether the trial court erred in determining that Respondent is "the most suitable person willing to serve."

Family Preference
Appellant admits, and cites case law stating, that any limited preference for near-relatives arises only when all other things are equal. See In re S.M., et al., 938 S.W.2d 910, 920 (Mo.App.1997) ("[I]n the case of a guardianship of a minor, there is a preference to be given a relative over a stranger when all other things are equal. . . . In other words, only when the competing homes are truly equal does the relative preference tip the scale."). Indeed, S.M. affirmed the choice of a non-relative over a grandparent, although both were well-intentioned and well-qualified. Id. The most important factors in a child custody determination are a good environment and a stable home. Id. There was sufficient evidence for the trial court to find those considerations were better served by leaving the children in their established home and relationship, and the appellate court could not conclude such a decision was erroneous. Id.
S.M. therefore recognizes, and Appellant apparently agrees, that any limited family preference is not so much a presumption to overcome, but a tiebreaker for the unique situation when all of the evidence shows competing applicants to be "truly equal." Id. The judgment here does not express or suggest this conclusion. Rather, it indicates the trial court's intent to appoint the most suitable person willing to serve, and a finding from the evidence that it is in Child's best interest to appoint Respondent. We thus turn to the second issue: whether the trial court erred in so concluding.

Most Suitable Person
Mother appointed no guardian or conservator by will. Per RSMo Section 475.045(3), therefore, the trial court correctly determined to appoint "the most suitable person" willing to serve, and concluded from the evidence that was Respondent. We view the record and reasonable inferences most favorably to this decision, disregarding all contrary evidence. S.M., 938 S.W.2d at 913. We also give due regard to the trial court's opportunity to judge witness credibility, since that court is better positioned to assess and weigh the witnesses' sincerity, character, and other trial intangibles that may not be shown by the record. Moreau, 18 S.W.3d at 449. Further, as neither party requested specific findings, we treat all fact issues as having been found in accordance with the result. Rule 73.01(c).
Each party emphasizes the trial evidence favoring its petition and disfavoring its opponent's claim. Having reviewed the record, we need not dwell upon allegedly negative evidence about either party. This may be a case, like S.M., where the court had to choose between apparently qualified and well-intentioned petitioners. If so, the court may have had more than one acceptable option. In any case, the issue is not whether the record could support Appellant's appointment, but if it supports the trial court's decision. We cannot conclude otherwise under our standard of review. Placement with a relative may benefit a child, but our law puts a higher value on the quality of the child's home environment and stability of the home and relationships. S.M., 938 S.W.2d at 922. There was evidence from which the trial *769 court could conclude that Respondent was more suitable regarding these factors.

Conclusion
We cannot say the judgment is unsupported by substantial evidence or against the weight of the evidence, nor does it erroneously declare or apply the law. Moreau, 18 S.W.3d at 449. We affirm.
PARRISH, P.J., and BATES, J., concur.
NOTES
[1] Child's father died before she was born.